LAUGHLIN *v.* OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES ET AL.

(No. 86-11634—Decided September 8, 1988.)

Court of Claims of Ohio.

*Alan L. Briggs* and *Mary L. Titsworth,* for plaintiff.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Theodore Scott, Jr.,* for defendants.

LEACH, J. On October 22, 1986, plaintiff, Jeffery G. Laughlin, filed this action against the defendants, Ohio Department of Administrative Services and Ohio Department of Commerce, alleging that he was unjustly denied overtime compensation for the period of time he worked for the Department of Commerce, Division of the State Fire Marshal. The defendants deny that the plaintiff was entitled to overtime (monetary) compensation and contend that the plaintiff received compensatory time off for the overtime hours he worked during his tenure with said department.

This matter came to trial on July 7, 1988. Prior to opening statements, the Department of Commerce requested a ruling on its pending motion for summary judgment and the Department of Administrative Services orally moved to be dismissed from this action for lack of subject matter jurisdiction. The court reserved ruling on both motions. Upon completion of plaintiff's case-in-chief, the Department of Administrative Services renewed its motion to dismiss; this court found the motion to be well-taken and granted the motion.

1

However, the Department of Commerce's motion for summary judgment and its newly requested motion to dismiss were overruled.

Based on the evidence, arguments presented at trial and post-trial briefs, the court renders the following findings of fact and conclusions of law.

## Findings of Fact

1. Plaintiff was employed by the Ohio Department of Commerce, Division of the State Fire Marshal, from October 1982 until December 1985;

2. Initially, plaintiff was employed by the Division of the State Fire Marshal as a fire safety educator, but was later reclassified to the position of hazardous materials technician;

3. Plaintiff's type of work, *i.e.*, presenting seminars concerning hazardous materials, fire prevention and safety and responding to emergencies involving hazardous materials, required that he remain on "call" twenty-four hours a day;

4. As a consequence of plaintiff's occupation, there were weeks when he would work in excess of forty hours;

5. Plaintiff knew, and indicated during his testimony, that overtime hours (hours in excess of forty hours per week) would be compensated by compensatory time;

6. When plaintiff was reclassified as a hazardous materials technician, pay range 31, he became overtime exempt;

7. Plaintiff received and took compensatory time off in lieu of overtime pay during the time period he was eligible for overtime;

8. The Director of the Department of Commerce was the authorized administrative authority to approve overtime.

## Conclusions of Law

As aforementioned, the plaintiff contends that he was entitled to overtime monetary compensation, pursuant to R.C. 124.18, during his employment with the defendant. R.C. 124.18, in effect during plaintiff's employment, provided, in pertinent part, as follows:

"Forty hours shall be the standard work week for all employees whose salary or wage is paid in whole or in part by the state or by any state-supported college or university. When any employee whose salary or wage is paid in whole or in part by the state or by any state-supported college or university is required by an authorized administrative authority to be in an active pay status more than forty hours in any calendar week, he shall be compensated for such time over forty hours, except as otherwise provided in this section, at one and one-half times his base rate of pay. A flexible hours employee is not entitled to compensation for overtime work unless his authorized administrative authority requires him to be in active pay status for more than forty hours in a calendar week, regardless of the number of hours he works on any day in the same calendar week.

"The authorized administrative authority shall be designated by the appointing authority to the director of the department of administrative services. Such compensation for overtime work shall be paid no later than at the conclusion of the next succeeding pay period.

"If the employee elects to take compensatory time off in lieu of overtime pay, for any overtime worked, such compensatory time shall be granted by his administrative superior, on a time and one-half basis, at a time mutually convenient to the employee and the administrative superior within one hundred eighty days after the overtime is worked except that in the case of employees of the state school for the blind and the state school for the deaf whose positions require them to be on duty at all times that school

residents are not attending classes the compensatory time may be granted within one year after the overtime is worked.

"No overtime, as described in this section, can be paid unless it has been authorized by the authorized administrative authority.

"The appointing authority of each agency may designate, with the approval of the director of administrative services, specific positions within his agency with a starting rate of not less than a rate equivalent to pay range 29, step 2, salary schedule B, the duties of which are administrative in nature and all positions classified under salary schedule C of division (A) of section 124.15 of the Revised Code, and such positions shall be exempt from all the provisions of this section regarding overtime compensation. With the approval of the director of administrative services, the appointing authority may establish a policy to grant compensatory time to employees who are in positions that are exempt from overtime compensation." (See 139 Ohio Laws, Part II, 3460, 3536-3537, eff. Nov. 15, 1981.)

The evidence in this matter indicates that plaintiff was compensated for his overtime hours in the form of compensatory time off. Plaintiff does not refute this fact. In addition, the court finds that plaintiff is not presently entitled to compensation for alleged overtime hours worked as an overtime exempt employee.

The evidence shows that on May 10, 1985, plaintiff received a notice, with his pay check, that indicated there would be changes in the manner in which state employees would be compensated for overtime. The notice indicated that some employees in Schedule B, with a pay range of 30 or above, would be permitted to earn compensatory time because of the nature of their work.

The last two paragraphs of said notice stated as follows:

"Any employee who has accrued compensatory time prior to May 12, 1985, can still use the compensatory time within 180 days of earning such compensatory time. If such compensatory time is not used within the 180 day period, then the employee will receive payment for such time at the rate of one and one-half times his base rate of pay.

"Please contact your personnel officer if you have any questions."

On May 17, 1985, Joyce Frazier Clark, Director of Personnel for the Department of Commerce, forwarded an interoffice memorandum to the Fire Marshal Division, which memorandum was intended to respond to the various questions generated by the above notification. The memorandum provides in pertinent part:

"Employees who are in Schedule C, in pay ranges 30 and above of Schedule B and in pay ranges 10 and above of Schedule A in the department are *exempt from both overtime and compensatory time.*

"Our department policy is still in effect. All overtime/compensatory time (for those who qualify) must be approved, in writing, *by the Director of Commerce,* prior to the time being worked." (Emphasis added.)

The evidence indicates that the defendant submitted a list of overtime exempt employees to the Department of Administrative Services ("DAS"), which list included plaintiff's name due to his classification.

Plaintiff argued that said list had never been "approved" by DAS. Clark testified that the lack of formal "approval" was not a matter of great concern. The defendant never received notice that the list was not approved and therefore concluded, based upon previous dealings with other state agencies, that there was no problem.

4

Plaintiff presented no evidence to contradict defendant's conclusion.

Further, Clark testified that the defendant reclassified plaintiff after deliberation regarding his position and related duties. Those considerations were based upon Ohio Adm. Code 123:1-43-02 which provides, in pertinent part, that "[t]he appointing authority of each agency * * * may designate positions, the duties of which are professional, administrative or executive in nature, as overtime exempt. * * *"

The defendant indicated that it applied the Fair Labor Standards Act and the rules promulgated thereunder in determining the criteria to be considered in designating overtime exempt employees. Based upon those criteria, the defendant concluded that plaintiff's position included duties of a professional and administrative nature. The analysis included consideration of plaintiff's teaching responsibilities, designing of curriculum, and his involvement in a technical or scientific field which required specialized training.

The court finds that there is a lack of evidence to show that the defendant's actions, in regard to plaintiff's designation as overtime exempt, were improper or contrary to law. Defendant complied with R.C. 124.18 in submitting its list of designated employees to DAS and made its designations pursuant to the allowances found in the applicable Administrative Code provision.

It is the opinion of this court that the plaintiff lost all rights to any overtime/compensatory time for hours worked in excess of forty for any week after May 12, 1985. Absent the plaintiff's self-prepared itineraries, the record is devoid of any documentation of overtime/compensatory time awarded to the plaintiff.

Plaintiff also contended that Don Ryan, his immediate supervisor, was the "authorized administrative authority" responsible to approve overtime hours and the form of compensation thereafter. The defendant argued that the Director of the Department of Commerce was the sole person with such authority. The testimony of Clark supports the defendant's view. The court finds that there is a lack of evidence to show that Ryan was the person authorized to approve overtime work. Ryan did not testify, so the court shall not speculate as to his actual job description and his authority. It is the court's opinion that plaintiff has failed to prove by a preponderance of the evidence that Ryan was the specified authority, as stated in R.C. 124.18, to make decisions regarding overtime.

In view of the above and the fact that plaintiff received compensatory time off for overtime hours worked, the court finds that the plaintiff is not entitled to payment for overtime not specifically authorized by the proper authority, i.e., the Director of the Department of Commerce. Therefore, the court finds that the plaintiff has not proved by a preponderance of the evidence that he was not compensated for any overtime/compensatory time due on the date of his employment termination.

Upon review of the evidence, applicable law and submitted briefs, the court finds that plaintiff's complaint is not well-taken and is dismissed. Judgment rendered in favor of defendants.

*Judgment for defendants.*